UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHRISTOPHER ABERNATHY,

Plaintiff,

v.

CONTINENTAL SERVICE GROUP, INC. d/b/a ConServe; and EXPERIAN INFORMATION SERVICES, INC,

Defendants.

Case No. 2:17-cv-0636-APG-NJK

**ORDER REGARDING MOTIONS TO SEAL**

(ECF Nos. 46, 48)

Plaintiff Christopher Abernathy filed two emergency motions for permission to file under seal the entirety of his several responses[1] to the defendants' motions for summary judgment. ECF Nos. 46, 48. The defendants oppose sealing. ECF Nos. 50, 51 at 5-6.

Abernathy's emergency motions violate Local Rules IA 10-5 and 7-4. Abernathy concedes these errors, and concedes that he does not need to seal the entirety of his filing. ECF No. 55 at 5. Abernathy has stated that he "will redact his confidential personal information from his Response to Conserve's Motion for Summary Judgment and file it on the Court's open docket on or before Friday, January 12, 2018." *Id.* However, Abernathy has not done so.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79. Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle

---

[1] It appears that Abernathy seeks to file under seal ECF Nos. 36, 38, 40, and 41.

for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

Abernathy has improperly sealed his entire filings (motion and exhibits) without attempting to file them in redacted forms. I will allow the filings to remain sealed, but Abernathy must file unsealed, redacted versions of his responses within 14 days of the date of this order.

IT IS THEREFORE ORDERED that Abernathy's sealed filings (**ECF Nos. 36, 38, 40, and 41) shall remain sealed pending further order of the court.**

IT IS FURTHER ORDERED that Abernathy must file unsealed, redacted versions of his responses within 14 days of the date of this order. If he fails to do so, those documents will be unsealed.

DATED this 26th day of January, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE